William N. Hairgrove, Appellant, v. Wabash Railway Company, Appellee.

Gen. No. 8,582.

October term, 1931. Heard in this court at the October term, 1931. Opinion filed February 1, 1932.

W. H. ABSHER and A. M. FITZGERALD, for appellant.

BELLATTI, SAMUEL & MORIARTY, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

William N. Hairgrove, appellant, recovered a judgment against the Wabash Railway Company in an action on the case for the sum of $250 and prosecutes this appeal for a reversal thereof on the ground that the damages assessed by the jury are inadequate.

Appellant is an attorney at law and at. about 9 o'clock on the evening of November 6, 1930, he boarded the train in the City of Jacksonville intending to go to Chicago. He had purchased his railroad ticket and

also a reservation for a lower berth in the Pullman sleeping car. At about 10:30 o'clock he retired to his berth and at 5:20 the following morning he got up for the purpose of going to the toilet and while walking down the aisle of the car toward the same stubbed his little toe against something which he claims was some kind of an obstruction in the aisle. When he arrived at Chicago after transacting his business he had an x-ray taken of the toe which showed a simple oblique fracture thereof. He returned to his home in Jacksonville and consulted Dr. Hairgrove and showed him the x-ray picture that he had taken in Chicago. On the advice of Dr. Hairgrove he went to the hospital in Jacksonville where he claimed he remained five weeks. Then he went to Hot Springs where he took baths and had hot packs put on his foot to reduce the swelling. The evidence does not show how long he stayed there but he testified that his expense at Hot Springs was more than $100. He also testified that he paid the doctor at Jacksonville for his treatment while in the hospital the sum of $40 and that he paid the hospital in Jacksonville something over $200. He also testified that during the last five years in the practice of his profession his earnings were between $7,000 and $14,500 per year and that the average of his annual earnings would be $9,000 gross and $5,000 net. He further testified: "I was not able during that time to carry on my professional duties. I was carried out of there once during that time but was not able to get to the court room to make arrangements about setting of cases." With the exception of his testimony that he suffered pain from the injury the above was all the evidence in regard to the question of damages. There was no evidence of any actual loss of income on account of his injury. There was no tangible evidence of any kind on which the jury could base damages as to what he lost in his income and there is no evidence that it was necessary for him to go to Hot

Springs to be treated. The injury had been completely healed when he left the hospital at Jacksonville and he did not go to Hot Springs on the advice of his doctor. Under these circumstances, we do not feel justified in reversing the judgment.

The judgment is affirmed.

*Affirmed.*